# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| v. | : | |
| THOMAS STEVENSON, *et al* | : | NO. 09-3034 |

## MEMORANDUM OPINION

**Savage, J.**                                                                                         June 15, 2010

In this action brought by the United States to reduce tax assessments to judgment against defendant Thomas Stevenson and to foreclose upon real property held in the name of his son, Joshua Stevenson, the United States has moved for summary judgment. It contends that there is no dispute that Thomas Stevenson failed to pay federal income taxes for six years and he owes $502,623.00[1] plus penalties, interest and statutory amounts. In addition, it argues that the undisputed facts establish that Thomas Stevenson is the true owner of the residential property which is titled in his son Joshua's name. It seeks to foreclose on this property to satisfy the tax liabilities.

Opposing summary judgment and in their cross-motion for summary judgment, the Stevensons argue that the tax assessments against Thomas Stevenson cannot be reduced to judgment because the United States never provided him with the statutorily required notices of deficiency. In the alternative, they claim that the United States has not satisfied its burden to show that its tax assessments against Thomas Stevenson are correct. They have not addressed the issue of the ownership of the property.

---

[1] Reflecting amount owed as of March 1, 2010.

**Facts**[2]

Thomas Stevenson, a licensed veterinarian, has owned and operated the Twin Valley Veterinarian Clinic since 1987. *Stevenson Dep.,* p. 9-10. In 1994, he stopped filing income tax returns because his "beliefs had changed." *Stevenson Dep.*, pp. 23-24. He did not pay federal income taxes for tax years 1994 through 1999. *Stevenson Dep.*, p. 22.

Twice in 2000, Thomas Stevenson met with an Internal Revenue Service (IRS) agent to discuss the IRS's contention that he was liable for back taxes. *Stevenson Dep.*, pp. 17-18. During the meetings, he provided the IRS with financial records, including receipts and cancelled checks, for his veterinary business. *Stevenson Dep.*, pp. 18, 21. Subsequent to the meetings, he received letters from the IRS notifying him that he owed outstanding taxes. *Stevenson Dep.*, pp. 18-19.

On October 19, 2001, Joshua Stevenson took title to real property located at 201 N. Chestnut Street, Elverson, Pennsylvania. *Compl.* ¶ 15 and *Answer* ¶ 5. Robert Tursack lent Thomas Stevenson money for the purchase of the property. Because he was aware of Thomas Stevenson's tax problems, Tursack wanted a mortgage on the property as security. Although Tursack lent the money to Thomas Stevenson, Joshua Stevenson, who was nineteen years old at the time and a college student in Idaho, was listed as the mortgagor on the loan documents. *Tursack Dep.,* pg. 23-24. Joshua Stevenson continues to live in Idaho. Thomas Stevenson, his wife and other children reside in the Elverson property. Thomas Stevenson has always paid the mortgage, property taxes, insurance

---

[2] The Stevensons have failed to respond to the plaintiff's statement of undisputed facts. Although the Scheduling Order provided that a failure to respond to the statement of undisputed facts would be treated as uncontested, we have conducted an independent review of the record in light of the defendants *pro se* status.

and maintenance expenses for the property. *Stevenson Dep.*, p. 58.

**Legal Standard**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In examining the motion, we must view the facts in the light most favorable to the nonmovant and draw all reasonable inferences in his favor. *Conopco, Inc. v. U.S.*, 572 F.3d 162, 165 (3d Cir. 2009).

The party moving for summary judgment bears the initial burden of demonstrating that there are no genuine issues of material fact. Fed. R. Civ. P. 56(c). Once the movant has done so, the opposing party cannot rest on the pleadings. To defeat summary judgment, he must come forward with probative evidence establishing the *prima facie* elements of his claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The nonmovant must show more than the "mere existence of a scintilla of evidence" for elements on which he bears the burden of production. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). An inference based upon speculation or conjecture does not create a material fact. *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 382 n.12 (3d Cir. 1990).

**Analysis**

Deficiency Notices

The Internal Revenue Code mandates that "no assessment of a deficiency . . . and no levy or proceeding in court for its collection shall be made, begun, or prosecuted" until a notice of deficiency is mailed to the taxpayer. 26 U.S.C. § 6213(a). Unless it sends the notice to the taxpayer, the IRS can not proceed to assess the taxes due. *Robinson v. U.S.*,

920 F.2d 1157, 1158 (3d Cir. 1990). In other words, the notice of deficiency is a prerequisite to the tax collection process. *Id.*

The notice of deficiency may be sent by certified or registered mail to the last known address of the taxpayer. 26 U.S.C. § 6212(b)(1); *See U.S. v. Shafer*, No. 93-0389, 1996 WL 208352 *4 (E.D. Pa. April 26, 1996) (citing *Berger v. Commissioner*, 404 F.2d 668, 673 (3d Cir. 1968)). Actual receipt of the notice is not necessary. The notice requirement is satisfied upon proper mailing to the taxpayer's last known address. *Berger*, 404 F.2d at 672. The address on the taxpayer's most recent tax return is the last known one. *Shafer*, 1996 WL 208352 *4. The address on the taxpayer's correspondence post-dating the last tax return is the address where the IRS "may reasonably believe" the taxpayer wishes notices to be sent. *Berger*, 404 F.2d at 671.

The government bears the burden of proving by "competent and persuasive" evidence that it properly mailed a notice of deficiency. *Bobbs v. Commissioner*, T.C. Memo., 2005-272, 2005 WL 3157919 *2 (U.S. Tax Ct. Nov. 28, 2005) (citing *Coleman v. Commissioner*, 94 T.C. 82, 90 (1990)). If the government shows that the notice was issued and produces a completed certified mail log (Postal Form 3877) recording that it was mailed, it is entitled to a presumption of mailing and the burden shifts to the taxpayer to prove otherwise. *O'Rourke v. U.S.*, 587 F.3d 537, 540 (2d Cir. 2009).

Here, because the United States has not produced a certified mail log for the notices of deficiency, it is not entitled to a presumption of proper mailing. Thus, it must produce "other evidence" to carry its burden. *O'Rourke*, 587 F.3d at 540 (citing *Coleman*, 94 T.C. at 91).

The United States has produced copies of the notices and certificates of

4

assessment containing certification of mailing. The notices of deficiency for tax years 1994, 1995, 1996, 1997 and 1999 are dated December 18, 2001, and the notice for 1998 is dated June 26, 2002. Each notice is addressed to Thomas Stevenson's last known addresses at P.O. Box 1052, Honey Brook PA, and 165 Ammon Road, Elverson, PA.

In a declaration in support of his motion for summary judgment, Thomas Stevenson claims that the IRS understood his last known address was 120 N. Chestnut Street, Elverson, Pennsylvania. However, he offers no facts to support his assertion. In contrast, the United States has produced a power of attorney submitted by Thomas Stevenson to the IRS on May 2, 2001. The power of attorney listed the Honey Brook address as his mailing address. Thus, the IRS could have "reasonably believe[d]" that Thomas Stevenson wished correspondence to be directed to his Honey Brook address when it mailed the notices of deficiency. *See Berger*, 404 F.2d at 671.[3]

To establish mailing, the United States has produced a Certificate of Assessment (Form 4340) for each year which certified that the notice of deficiency was mailed to Thomas Stevenson. Form 4340 is "valid evidence of a taxpayer's assessed liabilities and the IRS's notice thereof." *Perez v. U.S.*, 312 F.3d 191, 195 (5th Cir. 2002); *Hansen v. U.S.*, 7 F.3d 137, 138 (9th Cir. 1993)("IRS properly submitted and relied on Form 4340 to show that notice and demand was sent . . . ."); *Laeger v. U.S.*, No. 08-1549, 2010 WL 1542173 *5 (W.D. La. Apr. 12, 2010) (Form 4340 is valid evidence that government mailed notices

---

[3] As discussed below, there is no dispute that Thomas Stevenson received the notice of deficiency for the tax year 1998. Therefore, he can not claim that the 1998 notice of deficiency was not sent to his last known address. *See Berger,* 404 F.2d at 674 (actual receipt of notice renders delivery valid)*; Balkissoon v. Commissioner,* 995 F.2d 525, 528 (4th Cir. 1993) (taxpayer receipt of notice renders failure to comply with delivery requirements harmless); *U.S. v. Ahrens*, 530 F.2d 781 (8th Cir. 1976)(notice received by legal representative sufficient).

of deficiency); *U.S. v. Charboneau*, No. 04-442, 2005 WL 2346947 *5 (M.D. Fla. Sept. 26, 2005) (government can prove that it properly mailed notices of deficiency by producing an official 4340 indicating the date the notices were sent); *Mayerson v. Roberts*, No. 06-3589, 2007 WL 2023498 *22 (N.D. Cal. July 12, 2007) (Certificate of Assessment and declaration that notices were mailed sufficient to prove government sent notices); *Szulczewski v. Commissioner,* No. 20264-065, 2009 WL 2777835 *6 (U.S. Tax Ct. Sept. 2, 2009) (a certified Certificate of Assessment provides sufficient evidence that the IRS mailed a notice of deficiency). Indeed, a Certificate of Assessment, assuming the proper foundation is laid, is admissible evidence under Fed. R. Evid. 803(6) and 803(8). *Hughs v. U.S.*, 953 F.2d. 531, 539 (9th Cir. 1992) (Certificates of Assessment are an exception to hearsay under Rule 803(8)); *U.S. v. Rogers*, 558 F.Supp.2d 774, 778 (N.D. Ohio 2008) (Forms 4340 are admissible under the business records exception of Rule 803(6) and the public records exception of Rule 803(8)).

The Stevensons are correct that none of the certificates contains an entry specifically designating the date the notices of deficiency were mailed. However, each assessment states that "[a]dditional tax assessed by examination audit deficiency per default of 90 day letter." As explained by IRS Technical Service Advisor Michael Stumpo, this statement means that each notice of deficiency was sent at least more than 90 days prior to the dates of assessment.[4] *Stumpo Second Dec.*, ¶ 3. Identical language has been determined to be evidence that the notices were properly mailed. *See Laeger*, 2010 WL 1542173 *5.

---

[4] Stumpo also stated it is the regular practice of the IRS to send notices of deficiency by certified mail to a taxpayer's last known address before an assessment of federal income tax is made.

A July 2, 2002 letter to the IRS from Thomas Stevenson's appointed representative and former lawyer, Milton Baxley, enclosed a copy of the 1998 notice of deficiency. The fact that Baxley had a copy of the 1998 notice of deficiency refutes the Stevensons' argument that there is no proof that he received a notice for that year. Baxley got the letter from either Thomas Stevenson or the IRS. In either case, there can be no dispute that the government properly mailed the notice of deficiency for the 1998 tax year. *See Ahrens*, 530 F.2d at 785 (notice sufficient if sent to third party holding power of attorney).

Finally, Thomas Stevenson admitted that he received the Notices of Intent to Levy sent by the IRS for the years 1994 through 1999. That he received other notices from the IRS undermines, although it does not unequivocally contradict, his assertion that the notices of deficiency were not properly sent to his last known address. *Freeland v. Commissioner*, 345 Fed. Appx. 829, 831 n. 2 (3d Cir. 2009) (evidence that plaintiff received other notices from IRS undermines claim that notice of deficiency was not sent).

The uncontradicted evidence presented by the government satisfies its burden to show that the notices were properly mailed. Consequently, the burden shifts to the Stevensons.

In support of their position, the Stevensons submit the affidavit of Thomas Stevenson. Contrary to his earlier deposition testimony that he did not "recall" what notices and correspondence he received from the IRS, Thomas Stevenson now claims he never received a notice of deficiency for the years 1994 through 1999. *Stevenson Dec.,* ¶ 2.[5] At

---

[5] Thomas Stevenson also claims that the IRS failed to provide copies of the notices, despite requests made during discovery and pursuant to the Freedom of Information Act. The United States counters that the notices were produced in discovery.

his deposition, Thomas Stevenson never denied that he had received the notices of deficiency, but only that he did not recall what notices he had received. He admitted that he received "letters" from the IRS "saying there were alleged taxes owed." *Stevenson Dep.*, pp. 18-19. Indeed, he stated that "I recall that I received letters from the IRS. . .[which] alleged tax [liability] for 94' to 99'." *Stevenson Dep.*, p. 19. Although he admitted to receiving these letters, he could not specifically "recall all of the different things that [he] may have received at that time." *Stevenson Dep.*, p. 43. This appears inconsistent with his later declaration in which he unequivocally swears that he did not receive the notices of deficiency. [6]

A defendant must present more than "unsubstantiated, self-serving allegations" that he did not receive notice of his tax deficiencies to rebut otherwise valid evidence to the contrary. *U.S. v. Johnson,* No. 07-428, 2008 WL 5683480 *5 (W.D. Tex. Sept. 25, 2008) (quoting *Perez,* 312 F.3d at 195); *Freeland*, 345 Fed. Appx. at 831 (plaintiff's claim that he did not recall receiving notice of deficiency "does not undermine the finding of proper mailing"). Moreover, conclusory, self-serving affidavits are not sufficient to defeat a motion for summary judgment. *Kirleis v. Dickie, McCamey & Chilcote, P.C.,* 560 F.3d 156, 161 (3d Cir. 2009) (quoting *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608 (3d Cir. 2002)). An affiant "must set forth specific facts that reveal a genuine issue of material fact." *Id.* (citing *Blair*, 283 F.3d at 608). A conclusory affidavit that fails to set forth specific facts fails to satisfy the party's burden. *Maldonado v. Ramirez*, 757 F.2d 48, 51 (3d Cir. 1985) (quoting *Drexel v. Union Prescription Centers, Inc.,* 582 F.2d 781, 789-90 (3d Cir. 1978)).

---

[6] "[I]n all of my correspondence with the Internal Revenue Service (IRS). . .I have never received a Notice of Deficiency (NOD) for the years 1994 through 1999. . .." *Stevenson Dec.,* ¶ 2.

Filing a self-serving affidavit long after depositions and just before summary judgment is "a thinly veiled attempt to create 'some alleged factual dispute between the parties' to 'defeat an otherwise properly supported motion for summary judgment.'" *Paul v. Elec. Ave.*, No. 99-055, 2001 U.S. Dist. LEXIS 14261 (D.V.I. Aug. 29, 2001) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986)).

Here, the Stevensons have failed to provide evidence that Thomas did not receive any notices of deficiency other than his unsubstantiated and conclusory declaration submitted after the summary judgment motion was filed which directly contradicts his sworn testimony. Further, this declaration appears to be an effort to manufacture a factual dispute. In any event, this evidence is of limited value; and, even if true, the fact that Thomas Stevenson did not actually receive the notices does not make them invalid because they were properly mailed. *Schafer*, 1996 WL 208352 *4.

After a careful and thorough review of the record in the light most favorable to the Stevensons and drawing all reasonable inferences from the facts in their favor, we conclude that there is no genuine dispute that the IRS mailed the notices of deficiency for tax years 1994 through 1999 to Thomas Stevenson at his last known address at least 90 days before it assessed taxes for those years. Therefore, if there is no dispute that the tax assessments are correct, the United States will be entitled to summary judgment against Thomas Stevenson for the amount of taxes owed.

<u>Tax Assessment</u>

The Stevensons challenge the tax assessments, contending that the United States has not produced any evidence that Thomas Stevenson had any taxable income between 1994 and 1999. Therefore, according to the Stevensons, the United States has failed to

meet its burden to prove the validity of the taxes assessed against Thomas Stevenson.

An assessment, a determination made by the IRS that the taxpayer owes the government a certain amount of unpaid taxes, is presumed to be correct and creates a *prima facie* case of liability against a taxpayer. *U.S. v. Fior D'Italia, Inc.,* 536 U.S. 238, 242 (2002); *U.S. v. Green*, 201 F.3d 251, 253 (3d Cir. 2000) (citing *U.S. v. Vespe*, 868 F.2d 1328, 1331 (3d Cir. 1989)). To survive a motion for summary judgment, the taxpayer must establish the existence of a genuine issue of material fact with regard to the correctness of an assessment. *U.S. v. Cusaac*, No. 06-1231, 2008 WL 4792682 *2 (D.N.J. Oct. 30, 2008) (quoting *U.S. v. Jones*, 877 F.Supp. 907, 913 (D.N.J. 1995)). Uncorroborated denials of liability will not defeat summary judgment. *U.S. v. Kavanaugh*, No. 07-0432, 2009 WL 1177088 *6 (citing *Anastasato v. Commissioner*, 794 F.2d 884, 888 (3d Cir. 1986)).

The United States has submitted Certificates of Assessment, two declarations of Stumpo, and account transcripts confirming the accuracy of the tax assessments levied against Thomas Stevenson. Stumpo declared that Thomas Stevenson last filed a federal tax return for the tax year 1993; his tax liability for the years 1994 through 1999 is $502,623.00; the regular practice of the IRS is to send notices of deficiency to the taxpayer at his last known address before an assessment is made; and that the Certificates of Assessment indicate that the notices were sent to Thomas Stevenson at his last known address at least 90 days before assessments were made. *See Stumpo First Dec.,* ¶¶ 4, 6*; Stumpo Second Dec.,* ¶¶ 3, 5. This evidence creates a *prima facie* showing that Thomas Stevenson's tax assessments are correct, shifting the burden to the Stevensons to demonstrate that the assessments are invalid or inaccurate. *Vespe*, 868 F.2d at 1331.

The Stevensons have failed to provide any evidence that the tax assessments are invalid or inaccurate. Instead, they incorrectly insist that it is the government's burden to prove the validity of the assessments. Their argument is contrary to well established law. *See Green*, 201 F.3d at 253 (assessments are presumed to be accurate); *Vespe*, 868 F.2d at 1331 (assessments presumptively correct); *Cusaac*, 2008 WL 4792682 *2 (presumption of correctness places burden on taxpayer). During his deposition, Thomas Stevenson repeatedly invoked the Fifth Amendment in refusing to answer whether or not he had any income for the tax years 1994 through 1999. Thus, the undisputed evidence is that Thomas Stevenson's tax liability is what the United States calculated it to be.

Because the Stevensons have failed to come forward with any evidence to rebut the validity or correctness of the tax assessments, the tax assessments are presumed accurate. Therefore, the United States is entitled to summary judgment in its favor in the amount of the taxes assessed.

## Real Property

The United States seeks to foreclose on the real property located at 120 N. Chestnut Street, Elverson, Pennsylvania, to satisfy Thomas Stevenson's tax liabilities. It contends that Joshua Stevenson holds title as nominee on behalf of Thomas Stevenson, who is the true owner of the property.

The Stevensons have not responded to the government's nominee argument. Nevertheless, rather than deem it conceded, we shall address the issue as if they have contested it.

Property held by the taxpayer's nominee is subject to collection of the taxpayer's tax liabilities. *Shades Ridge Holding Co., Inc. v. U.S.*, 888 F.2d 725, 728 (3d Cir.

1989)(citing *G.M. Leasing Corp. v. U.S.,* 429 U.S. 338, 350-51 (1977)). Notwithstanding that legal title is held by another, property that the taxpayer views and treats as his own is treated as the taxpayer's for collection purposes. *In re Richards v. U.S.*, 231 B.R. 571, 578 (E.D. Pa. 1999). The critical factor in determining whether an individual is a nominee is whether the taxpayer has "'active' or 'substantial' control" over the property. *Shades Ridge*, 888 F.2d at 728 (quoting *Valley Finance, Inc., v. U.S.*, 629 F.2d 162, 172 (D.C. Cir. 1980)). Factors considered in determining if one is a nominee include: (1) no consideration or inadequate consideration was paid by the nominee; (2) the property was placed in the name of the nominee in anticipation of suit; (3) there is a close relationship between the transferor and the nominee; (4) failure to record the conveyance; (5) retention of possession by the transferor; (6) continued enjoyment by the transferor of benefits of the transferred property; and, (7) expenditure of personal funds by the transferor to purchase and maintain the property. *Richards*, 231 B.R. at 579; *U.S. v. Klimek*, 952 F.Supp. 1100, 1113 (E.D. Pa. 1997). These factors are not applied rigidly. No one factor is determinative. *Richards*, 231 B.R. at 579.

The majority of these factors weigh in favor of the United States. First, Joshua Stevenson paid no part of the purchase price of the property. *Stevenson Dep.*, p. 58. Because Thomas Stevenson and Joshua Stevenson are father and son, payment of these expenses are accorded less weight than if they were unrelated. *Richards*, 231 B.R. at 579.[7]

The property was purchased after Thomas Stevenson learned that the IRS had proposed assessments against him for back taxes. Indeed, Robert Tursack, who loaned

---

[7] The close relationship factor is also given little weight in this case because of the familial relationship between Thomas Stevenson and Joshua Stevenson. *Richards*, 231 B.R. at 579

money for the purchase of the property, testified that the reason Joshua Stevenson was named on the loan documents instead of Thomas Stevenson was because Thomas Stevenson was having trouble with the IRS. *Tursack Dep.*, pg. 24. This tends to show that Thomas Stevenson had a motive to shield his interest in the property.

Thomas Stevenson has control over the property. He has retained possession of the property, residing there with his wife and other children. He paid the purchase price, mortgage, property taxes and insurance. *Stevenson Dep.*, p. 58.

Despite this evidence that tends to show that Joshua Stevenson holds title to 120 N. Chestnut Street as nominee on behalf of Thomas Stevenson, there is other evidence that raises a question of fact as to why the property was titled in Joshua Stevenson's name. Thomas Stevenson testified, somewhat contradictorily, that he purchased the property as a gift for his son and for estate planning purposes. *Stevenson Dep.,* pp. 47-48. Joshua Stevenson also testified that his father made mortgage payments as a gift. *J. Stevenson Dep.*, pp. 25, 28. Drawing all reasonable inferences in the Stevensons' favor, we find this evidence creates a genuine issue of material fact as to whether Joshua Stevenson owns the property as nominee on behalf of his father. Therefore, summary judgment as to Count II will be denied

## Conclusion

After viewing the facts in the light most favorable to the Stevensons and drawing all reasonable inferences in their favor, we conclude that there is no genuine factual dispute that the IRS sent Thomas Stevenson the required notices of deficiency and that the tax assessments against Thomas Stevenson are valid. On the other hand, there is a factual dispute regarding the actual owner of the property located at 120 N. Chestnut St.,

Elverson, Pennsylvania. Therefore, the United States's motion for summary judgment will be granted in part and denied in part.